UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

JAMES DAVID DARLAND and
CLODELLA ANN DARLAND,

        Defendants.
_____/

Case No. 1:04-CR-87

Hon. Gordon J. Quist

**ORDER**

This court previously entered an order granting motions by defendants' counsel for psychiatric evaluations of their clients to determine the defendants' competence to stand trial. Defendants subsequently filed without the assistance of their attorneys what amounts to a second request for reconsideration of this order in the form of a "Writ of Habeas Corpus per 28 U.S.C. § 2241: Quest for this Emergency – Hearing and Stay of This Execution" (docket no. 180). The thrust of defendants' argument is that they personally did not request such evaluations, contrary to what they believe to have been the representations of their attorneys to the court.

The answer to this motion is three-fold: The first answer is a procedural one, namely that defendants have already sought a reconsideration of the competency examination order in the form of a Notice of Appeal. At the time the defendants filed their "Writ" on April 18, 2005, they had already filed five days earlier, on April 13, 2005, a Notice of Appeal of the competency examination order (along with several other orders). See docket nos. 177 and 179. The Notice of Appeal has been considered by both the district judge in this case and at the same time by the United

1

States Court of Appeals for the Sixth Circuit.  The Sixth Circuit designated this appeal (and a subsequent correction of it filed April 15, 2005) as No. 05-1535.

The appellate court noted that it was not clear from the Notice of Appeal whether defendants were directing their appeal to the district judge in this court or to the Sixth Circuit.  See Order of Court of Appeals in No. 05-1535, dated August 3, 2005 (docket no. 195) ("it is unclear. . . if appellants are seeking review by this court or by the district court judge.").  The district judge denied the Notice of Appeal on May 3, 2005 (docket no. 185), and the Sixth Circuit did as well on August 3, 2005.  Order of Court of Appeals, August 3, 2005, *supra.*  No appeal was taken from the district judge's order of May 3, 2005.  Repackaging their "Notice of Appeal" as a "Writ" and presenting it in alternative format does not make it any less a second bite at the same apple.

Second, even were the court to address the merits of the "Writ," a reading in their entirety of the written motions which were submitted by defense counsel, and which were attacked by defendants, does not suggest the defendants personally believed they should have had a psychiatric examination for either competence or insanity.  For example, counsel for defendant Clodella Darland concludes his motion by stating, "Counsel submits that Mrs. Darland is not acting rationally and that her letters are non-sensical.  It appears there is reasonable cause to believe that Clodella Ann Darland may be suffering from a mental defect or disease rendering her mentally incompetent . . ."  He also quotes from one of the letters he refers to:  ". . . in a recent letter filed with the Court, Mrs. Darland continues to insist 'for the theft of this collateral of these principals by this assistant United States Attorney is with counterfeiting of these bond/securities by the frauduant-charge with the intent of the conspiracy for the fraud against the Federal Reserve.'"

2

Similarly, Mr. Darland's attorney states that Mr. Darland believes his attorney is a postmaster "for the free flow of commerce," and that defendant insists on viewing the criminal action pending against him as a purely commercial matter which it obviously is not.

Clearly, counsel did not represent to the court that the motions were filed at the instigation of their clients. Rather, counsel filed these motions for their clients' benefit, to determine whether it would be unfair to put the defendants on trial if they were unable to understand the proceedings and assist in their defense.

The third answer to the motion is that the court never assumed the defendants were personally seeking psychological evaluations in the first place, and therefore was not misled. The court fully understood the purpose of the filing of the motions by defendants' attorneys and, as stated in the order, felt that based upon the contents of the motions, the Pretrial Services report, and the persistence of both defendants in maintaining non-sensical positions bordering on delusions, there was reasonable cause to believe that the defendants might not be competent within the meaning of 18 U.S.C. § 4241(a). Since there was no misunderstanding about the defense attorneys' role in bringing these motions, there is no need to reconsider the order requiring the competency evaluations.

For the reasons discussed above, this motion is DENIED.

Dated:  October 5, 2005          /s/ Hugh W. Brenneman, Jr.
                                 Hugh W. Brenneman, Jr.
                                 United States Magistrate Judge

3